# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-978V
Filed: October 21, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELISABETH MENDES,                    *
                                     *
              Petitioner,            *
                                     *
v.                                   *
                                     *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                  *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Lisa Watts, U.S. Department of Justice, Washington, DC for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 4, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from the influenza vaccination she received on October 26, 2012. Petition at 1. On July 7, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 28).

On October 11, 2016, petitioner filed a motion for attorneys' fees in the amount of $17,305.80 and attorneys' costs in the amount of $997.87 for a total amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$18,303.67.  (ECF No. 33).  In compliance with General Order #9, petitioner has filed a signed statement indicating she incurred no out-of-pocket expenses.  *See* Petitioner's General Order #9 Statement (ECF No. 34).

On October 14, 2016, respondent filed a response to petitioner's motion.  (ECF No. 35).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $**12,000.00** to $**14,000.00**" but provides little basis or explanation for how she arrived at this proposed range.  *Id.* at 3.

On October 20, 2016, petitioner filed a reply.  (ECF No. 36).  Petitioner indicates she "is puzzled by the respondent's reference to 'similar cases' that purportedly demonstrate a range of fees and costs awarded in past cases similar to that of the petitioner."  *Id.* at 3.  Petitioner notes that several of the fee awards were based on a stipulated amount and none are cases in which petitioner's counsel was attorney of record.  *Id.* at 3-4.  Moreover, petitioner argues that respondent's objection is vague and urges the undersigned to reject respondent's argument.  *Id.* at 8.

Petitioner requests additional attorneys' fees in the amount of $467.50 for preparing the reply.  Pet. Supplemental Motion for Attorneys' Fees and Costs at 1 (ECF No. 37).  Petitioner has provided specific billing entries describing how this time was expended.  *Id.* at 4 (Tab A).  The undersigned finds the request for additional hours spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief, $467.50.  Thus, the total amount awarded for attorneys' fees and costs is $**18,771.17**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,771.17[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Conway, Homer & Chin-Caplan, P.C.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.